# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1525V
Filed: October 17, 2019
UNPUBLISHED

| | |
|---|---|
| ANNE M. ALEXANDER, *personal representative of the* ESTATE OF MARILYN OSBORNE ROCK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Corcoran**, Chief Special Master:

  On October 2, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Marilyn Osborne Rock suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 10, 2016. Petition at 1; Stipulation, filed October 16, 2019, at ¶¶ 1-2. Petitioner further alleges that Marilyn Osborne Rock suffered the residual effects of her GBS for six months, that her death was a sequela of her GBS, and that there has been no prior award or settlement of a civil action for damages on Ms. Rock's behalf as a result of Ms. Rock's alleged injury. Petition at 1, 5-6; Stipulation at ¶¶ 4-5. "[R]espondent denies that Ms. Rock's GBS, or any other alleged injury, lasted for at least six months, and further

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

denies that Ms. Rock's death was a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on October 16, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $75,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Marilyn Osborne Rock**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a). *Id.*

I approve the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANNE M. ALEXANDER, personal representative of the Estate of MARILYN OSBORNE ROCK, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-1525V **(ECF)**<br>Chief Special Master<br>Brian H. Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Anne M. Alexander ("petitioner"), as personal representative of the Estate of Marilyn Osborne Rock ("Ms. Rock"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), seeking compensation for injuries including Guillain-Barré syndrome ("GBS") and death allegedly related to Ms. Rock's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Rock received a flu vaccine on or about October 10, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Rock suffered GBS, and suffered the residual effects of her GBS for six months. Petitioner further alleges that Ms. Rock's death was a sequela of her GBS.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Ms. Rock's behalf as a result of Ms. Rock's alleged injury or death.

1

6. Ms. Rock developed GBS within the Table timeframe, and there is not preponderant evidence demonstrating that her GBS is due to a factor unrelated to her October 10, 2016 immunization. However, respondent denies that Ms. Rock's GBS, or any other alleged injury, lasted for at least six months, and further denies that Ms. Rock's death was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $75,000.00 in the form of a check payable to petitioner as the legal representative of the Estate of Marilyn Osborne Rock. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner represents that she has identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

2

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Marilyn Osborne Rock's estate under the laws of the State of Colorado. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Ms. Rock's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Marilyn Osborne Rock at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Marilyn Osborne Rock upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as Administrator of the Estate of Marilyn Osborne Rock, on behalf of Ms. Rock's estate and her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Rock resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 10,

2016, as alleged in a petition for vaccine compensation filed on October 2, 2018, in the United States Court of Federal Claims as petition No. 18-1525V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Rock's alleged GBS, or any other injury, or that Ms. Rock's death was a sequela of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_____
ANNE M. ALEXANDER

ATTORNEY OF RECORD FOR
PETITIONER:

_____
BRIDGET MCCULLOUGH
MULLER BRAZIL, LLP
715 Twining Road, Suite 208
Dresher, PA 19025
Tel: (215) 885-1655

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_____
Ward Sorensen for
TAMARA OVERBY
Acting Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

DATE: 10/16/19

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
HEATHER L. PEARLMAN
Assistant Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-2699